**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jeannette BOYKINS,
Defendant-Appellant.**

**No. 37136.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 31, 1976.

Marilyn Wallach, Asst. Public Defender, Robert C. Babione, Public Defender, James C. Jones, III, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas H. Rost, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

PER CURIAM.

Defendant-appellant, Jeannette Boykins, was convicted of Illegal Possession of Schedule I Controlled Substance, Heroin. § 195.020, V.A.M.S. She appeals. We affirm. Defendant does not challenge the sufficiency of the evidence to support the conviction and it would serve no useful purpose to belabor this opinion with a recitation of the state's evidence, which if believed, as it obviously was, established the offense charged.

■ Defendant's sole point on appeal is that the trial court erred by not declaring a mistrial when one of the arresting police officers made an alleged prejudicial statement on cross-examination. The following cross-examination of Officer Leman Dobbins forms the basis of defendant's contention that the jury panel should have been dismissed.

"Q Okay, fine, Officer. But you see her drop something to the ground. A That's correct.

"Q You go over; you examine it.

"A Correct.

"Q Then you tell her to walk over to the police car.

"A That's correct. *She knows me; I know her.*" (Emphasis added.)

Defendant contends that the logical inference is that the appellant is known to the officer and other persons in law enforcement as an individual of bad character, and that the emphasized testimony puts the defendant's character and reputation in issue in such a manner that the jurors would be unable to disregard it in the consideration of the case. There is no merit in this contention. Prior to the testimony in question, Officer Dobbins stated that he was familiar with this particular neighborhood. On direct examination he testified that he called defendant by her first name when he ordered her to step over to the squad car. The mere fact that a person is known to a police officer does not necessarily indicate that he is of a bad character. *State v. Miller,* 499 S.W.2d 496, 499[3] (Mo.1973); *State v. Knicker,* 424 S.W.2d 605, 608[6] (Mo.1968).

■ Although we are of the opinion that the officer's testimony did not put defendant's character in issue, the officer's statement was stricken and the jury was instructed to disregard the testimony at the request of the appellant. The only relief denied defendant was her motion for mistrial. The declaration of a mistrial is a drastic remedy and necessarily and properly rests largely in the discretion of the trial court who observed the incident giving rise to the request for a mistrial. *State v. Cuckovich,* 485 S.W.2d 16, 24[13] (Mo.banc 1972). The prejudicial effect upon a jury of a witness making an unresponsive and voluntary answer to a question is for the trial court to determine. *State v. Cage,* 452 S.W.2d 125, 129[4] (Mo.1970). When an improper incident occurs, the reviewing court, in order to hold that the failure to grant a mistrial was reversible error, must determine and conclude as a matter of law from the entire record that the error was so impressive that its effect was not removed by the action of the trial court. *State v. Dennison,* 428 S.W.2d 573, 577[3] (Mo.1968). The trial court did not consider the matter sufficiently serious to take the drastic step of granting a mistrial, and we find no abuse of discretion.

We have reviewed the entire transcript, the briefs of the parties, the authorities relied upon by the appellant which we find to be distinguishable, and the matters re-

quired by Rule 28.02, and find no prejudicial error.

The judgment is affirmed.

All the Judges concur.