Jeanette BOYKINS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38851.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 9, 1978.

Devereaux & Stokes, Michael D. Stokes, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Chief Counsel, Asst. Atty. Gen., Stanley Robinson, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant (defendant) has appealed from an order denying her Rule 27.26 motion to vacate sentence without a hearing. We affirm.

A jury found defendant guilty of possession of a Schedule I controlled substance. Section 195.017, 195.020, RSMo.1975 Supplement. The court entered judgment and sentenced defendant to 15 years' imprisonment. Her conviction was upheld on appeal. See *State v. Boykins,* 541 S.W.2d 90 (Mo.App.1976). Thereafter, defendant filed a pro se motion to vacate, alleging: "I was not represented by counsel at my preliminary hearing. 6th Amendment grounds. I could not defend myself at my preliminary hearing. If my right to counsel had been observed, the charges against me might have been dismissed. My lawyer could have prepared a much better defense at this hearing."[1] The trial court found the motion was vague, conclusory and indefinite, and denied it without an evidentiary hearing and without appointing counsel. On appeal, defendant contends the trial court erred in failing to appoint counsel immediately upon the filing of her Rule 27.26 motion and that she was thereby denied due process.

Although we agree defendant's motion was conclusory there is a more basic reason for denying it.[2] The state tried defendant on a substitute information in lieu of indictment. Rule 23.02 specifically provides no preliminary hearing is required in such an instance. That obviated the need to appoint counsel.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.

1. Defendant was tried on a substitute information in lieu of indictment. Her brief admits a preliminary hearing was never held because the state proceeded by substitute information so a preliminary hearing was not required. See Sec. 544.250, RSMo.1975, Suppl.

2. If trial court reached correct result but for wrong reason, the appellate court must affirm. *Ricketts v. Kansas City Stockyards of Maine,* 537 S.W.2d 613[1] (Mo.App.1976); *Webb v. St. Louis County Natl. Bank,* 551 S.W.2d 869[8] (Mo.App.1977).