Kendis SCROGGINS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 30848.

Missouri Court of Appeals,
Western District.

Aug. 4, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 2, 1980.

Application to Transfer Denied
Oct. 15, 1980.

Andrew J. Gelbach, Warrensburg, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and KENNEDY, JJ.

WASSERSTROM, Chief Judge.

After conviction and sentence for forcible rape, sodomy and first degree robbery, defendant filed a motion under Rule 27.26 to set aside the sentence. From a denial of that motion, defendant appeals.

Defendant was one of four young men who seized and assaulted a young woman and stole jewelry and cash from her. After their arrest and joint preliminary hearing, defendant applied for and obtained a change of venue so that he might have a separate trial. At the same time, he through his attorney, Mr. J. William Turley, was conducting plea bargaining with the prosecutor, Mr. Gary Fleming. Fleming initially demanded a sentence of 100 years, but gradually came down to a willingness to recommend 25 years on each count, to run concurrently. Defendant then entered a plea of guilty, the prosecutor recommended the total of 25 years, and the court entered judgment and sentence in accordance with the recommendation.

Defendant's points on this appeal are: (1) that the prosecutor had agreed as part of the plea bargaining that he would not accept less than 25 years from any of the four defendants and that the prosecutor broke that agreement by subsequently recommending a sentence of 10 years to at least one codefendant; (2) that defendant's trial counsel was ineffective in that he made no request for a mental examination; and (3) that trial counsel was ineffective because of his failure to file a motion to withdraw the guilty plea on the ground of breach by the prosecuting attorney of the plea bargain.

## I.

In support of his first contention, defendant offered Turley's testimony to the effect that shortly after the plea bargain, Fleming ran for reelection and lost to one of Turley's law associates. According to Turley, Fleming then asked assistance from Turley in getting appointed as special prosecutor to handle the cases against the remaining three codefendants, but Turley refused to help. Turley went on to say that shortly after that occurrence, Fleming called the lawyers handling the defense for the remaining codefendants and offered to accept pleas of guilty for 10 years. Defendant infers on the basis of that testimony that Fleming breached his plea bargain with defendant out of pique and anger against defendant's counsel Turley.[1]

The trial court disposed of this issue by its finding No. 9 that, "there was no agreement between the Prosecuting Attorney and Kendis Scroggins' attorney whereby the Prosecuting Attorney agreed not to recommend a sentence of less than twenty five years for any of the other four [sic] defendants charged in these crimes." That finding would fully cover defendant's first point on appeal, were the finding supported by the evidence. Unfortunately, finding No. 9 is not so supported.

The evidence in the record is all one way to the effect that the prosecutor did say that he would not take less than 25 years from any of the four accused men. Defendant himself testified that this was the statement made to him by his attorney Turley and that the statement referred to was part of the basis for his plea. That testimony by defendant was corroborated by Turley, who testified in this regard: "I felt very discouraged by the fact that Mr. Fleming did not keep his word to me and that none of the other defendants would do that because I had told Kenny and I think that it was in fact certainly represented to me that nobody else would receive any lesser sentence.

1. Fleming denied seeking appointment as special prosecutor and testified he did not desire any such employment.

I do not think the plea bargain was carried out." Furthermore, Fleming himself admitted, "I think I probably told Bill [Turley] that I—I did not then intend to recommend any sentence less than that but I expected to have Mr. Scroggins' cooperation because it would be—as I said it would be very helpful if not essential to have his testimony in the trial with the other defendants." On the basis of all this, it must be concluded that defendant reasonably understood that none of the four codefendants could obtain any agreement for a lesser term than 25 years and that he entered into the plea bargain in reliance upon that understanding.

■ Nevertheless, a denial of defendant's first point can be justified on a different ground. The testimony is clear and uncontradicted that the prosecutor requested and expected defendant's testimony against the other defendants as part of the deal. Despite defendant's commitment to so testify for the state, he in fact backed off when the time came, and the testimony given by him on deposition was so much at variance from what he had previously stated that the prosecutor was unable to use his testimony. Furthermore, defendant had agreed as part of the plea bargain to return certain jewelry which had been stolen from the victim, but this promise by defendant was never honored. Defendant therefore had failed to carry out his part of the bargain, and he cannot complain about the prosecutor's subsequent failure to carry out the agreement. *United States v. Eucker*, 532 F.2d 249, 256[12] (2d Cir. 1976); *United States v. Nathan*, 476 F.2d 456, 459[5] (2d Cir. 1973). The rejection by the trial court of what is now defendant's first point must be affirmed on the basis just given, even though the ground stated in finding No. 9 is not well founded. If a trial court reaches a correct result but for the wrong reason, the appellate court must nevertheless affirm. *Boykins v. State*, 566 S.W.2d 509 (Mo.App. 1978); *Turner v. State*, 559 S.W.2d 555 (Mo. App.1977); *Tollison v. State*, 556 S.W.2d 455 (Mo.App.1977).

## II.

■ In support of his second point, defendant testified that while in jail awaiting trial he made two suicide attempts, received medical treatment as a result and was placed upon sedatives. However, there is no proof that his attorney Turley was aware of any such facts. Although Turley did testify that he knew that defendant had received "some medical treatment" while in jail, Turley testified that he did not know about any suicide attempts or just what medical treatment defendant received. Turley further testified that defendant appeared perfectly rational to him and was in fact "a very intelligent young man."

Where defense counsel has no reason to believe that his client suffers from any mental disease or defect, he is not guilty of ineffective assistance because of not requesting a mental examination. *Jones v. State*, 564 S.W.2d 933 (Mo.App.1978); *Parks v. State*, 518 S.W.2d 181 (Mo.App.1974). So it is here.

## III.

■ Defendant's third point is essentially a repetition in slightly different form of his first point. As shown under part I of this opinion, defendant's underlying contention in this respect is without merit. A defense lawyer cannot be faulted as being ineffective by reason of not filing a motion doomed to failure. *Tollison v. State, supra.*

Affirmed.

All concur.