**Emanuel JOYCE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43276.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 1982.

2. We do not decide the case where the manufacturer invites, encourages, or participates in the modification.

William J. Shaw, Public Defender, Clayton, Donald Littleton, St. Louis, Charles D. Sindel, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

In this jury waived case the trial court found defendant Emanuel Joyce guilty of armed robbery. It sentenced him as a three-time felon to 27 years in prison. He appeals; we affirm.

The state's evidence: By telephone defendant learned victim Warren Johnson was home alone. Defendant and two others entered Johnson's apartment, bound and gagged him. Defendant held a knife to the victim's face and ordered him not to move or speak. The three men ransacked the home. Neighbor Marcia Richardson saw the three men load household items into a car and drive off; she then freed the victim. She had noticed one of the robbers was wearing a red hard-hat. She described the get-away car to police and they soon arrested the three men; defendant was wearing the red hard-hat. On the way to and also at the station the police gave defendant *Miranda* warnings, and next morning he willingly took them to an apartment where the stolen goods were recovered. Both the victim and Ms. Richardson identified defendant in custody and at trial. Defendant neither testified nor offered evidence.

Here defendant claims four errors: (1) No evidence he forcibly stole the property, (2) admitting his incriminating statements made without *Miranda* warnings, (3) denying his motion to suppress his statements without finding they were voluntary and (4) the evidence was hearsay and came from leading questions. These in turn.

■ Defendant's first point is there was no evidence he forcibly stole the victim's property. The recited testimony refuted this. Compare *State v. Gideon*, 453 S.W.2d 938[1–5] (Mo.1970). Point denied.

By defendant's second point he refers to the testimony of two policemen. They testified that on the morning after the robbery defendant led them to an apartment where they recovered the stolen goods. Defendant now contends admitting this evidence was error because he was not again given a *Miranda* warning.

■ A defendant need not be re-told of his *Miranda* rights each time he is questioned. *State v. Woodward*, 587 S.W.2d 287[1–3] (Mo.App.1979). And even a two-day lapse in warning does not vitiate an incriminating statement. *State v. Brown*, 601 S.W.2d 311[1, 2] (Mo.App.1980). We hold the two warnings given defendant sufficed to meet his rights. Point denied.

■ By his third point defendant contends the trial court erred in summarily denying his motion to suppress his oral statements. This, defendant contends, because the trial court did not specifically rule that defendant's now challenged statements were voluntary. The basis of defendant's motion to suppress was that police questioning was coercive and under duress and promises. There was no evidence of this. Absent such evidence we hold the trial court did not err in summarily denying defendant's motion to suppress.

■ Last, defendant contends the trial court erred in finding him guilty because the evidence included hearsay and was elicited by leading questions. In part it did, but other unchallenged testimony sufficed to show guilt. To much of the hearsay defense counsel did not object. In his brief defendant cites *Brewster v. State*, 577 S.W.2d 911[4] (Mo.App.1979) holding: "the failure to object must go beyond mere error or mistake in trial strategy or judgment and must be of a character to result in substantial deprivation of defendant's right to a fair trial." Mere failure to object is not error, *State v. Harris*, 425 S.W.2d 148[5, 6] (Mo.1968), because failure to object is a

matter of trial strategy. *Cole v. State*, 573 S.W.2d 397[13, 14] (Mo.App.1978). We deny defendant's final point.

Judgment affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.