Kenny CATHY, Movant,

v.

STATE of Missouri, Respondent.

No. 45802.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 21, 1982.

Kenneth A. Seufert, Public Defender, Farmington, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, John W. Reid, II, Pros. Atty., Fredericktown, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing.

■ To be entitled to an evidentiary hearing, movant must plead facts, not conclusions, which if true would entitle him to relief. *Jackson v. State,* 585 S.W.2d 495, 497 (Mo. banc 1979). An evidentiary hearing may be denied if it can be determined from the files, transcripts, and records that, as a matter of law, a movant is not entitled to relief. *Toler v. State,* 542 S.W.2d 80, 85 (Mo.App.1976).

Here, the record reveals that movant was charged with burglary in the second degree and stealing. On April 2, 1977, he appeared in court with his retained attorney. He told the court he wished to plead guilty. Before the court accepted movant's plea of guilty, movant was placed under oath and asked the questions which form the basis for a court's determination that a plea is voluntary. During the interrogation, movant told the court in his own words what had occurred. The prosecuting attorney described the state's evidence which indicated a strong case that included admissions by

the movant and other participants. The court ordered a pre-sentence investigation and continued the case until May 19. At that time, the court suspended the imposition of a sentence and placed defendant on probation for three years. The court clearly indicated to the movant what sentence he was likely to receive if probation was revoked and thoroughly explained what would constitute violation of the probation conditions.

The record reveals that on December 21, 1978, a probation-revocation hearing was held and movant's probation was revoked because of serious probation violations, including conviction of a crime. The court then sentenced movant to a term of 10 years on the burglary charge and a consecutive 5-year term on the stealing charge.

Movant filed this Rule 27.26 motion, raising two grounds for vacating his sentence. In his first point, he contends that he is entitled to an evidentiary hearing on the issue of ineffective assistance of counsel. He contends that, as a result of counsel's failure to investigate the case and the possible defenses, movant did not have a clear choice of alternatives at the time he entered his plea.

■■■■ Under these circumstances, "[i]n order for movant to prevail, he must prove that his counsel was ineffective and that this ineffectiveness, in turn, rendered his guilty plea involuntary." *Ragan v. State,* 595 S.W.2d 734, 737 (Mo.App.1980). Furthermore, movant is required to allege the information a reasonable investigation would have disclosed and that the information would have benefited the movant in his defense. *Id.* Here no such allegations were made. A review of the record of the guilty plea proceedings indicates that the case did not require further investigation and that movant did not expect any further investigation. We rule this point against movant.

■■■ In his second point, movant contends his plea was not freely and voluntarily made because his counsel told him that, if he went to trial, the judge would get angry

and give movant a heavier sentence. Initially, we note that movant's 27.26 motion does not actually contain this allegation. However, we will consider this point, keeping in mind that an attorney has a duty to explain to his client that a greater sentence may be imposed in a jury trial.

Our Supreme Court said, in *Thomas v. State,* 605 S.W.2d 792, 794–95 (Mo. banc 1980), "If the record conclusively establishes that the accused knowingly and voluntarily pleaded guilty, it is proper to deny an evidentiary hearing on a motion for post conviction relief based on an allegation that the guilty plea was coerced." The record here conclusively establishes that movant knowingly and voluntarily pleaded guilty. The court informed him of the charges, the range of punishment, and of his rights. At his plea hearing, the movant was *thoroughly* interrogated about the voluntariness of his plea, and he answered all questions under oath. Among the questions movant answered in the negative was whether anyone had made any threats or promises to movant to induce him to plead guilty. The movant was free on bond for six weeks between the plea hearing and the sentencing hearing, and he made no complaint about his plea at the latter hearing. The court, on suspending sentencing, fully explained all of the ramifications of the court's actions and what would happen if movant violated his probation conditions.

Movant walked from the courtroom with a suspended sentence and a promise that the prosecutor would *nolle pros* the case if movant successfully completed his probation. As a result of his attorney's efforts and the actions of the court, movant was in a much better position that he could reasonably have hoped. His own subsequent conduct caused his present incarceration.

No evidentiary hearing was required.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.