**STATE of Missouri, Respondent,**

v.

**Danny DUNCAN, Appellant.**

No. 12794.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 14, 1983.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 25, 1983.

Application to Transfer Denied
April 26, 1983.

John D. Ashcroft, Atty. Gen., John B. Jacobs, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

James A. DeReign, DeReign & DeReign, Caruthersville, for appellant.

TITUS, Judge.

Defendant was charged with and jury-convicted of robbery in the first degree[1] and sentenced to imprisonment for a term of 15 years. Upon appeal defendant contends the trial court erred in refusing to give his requested instruction based on MAI–CR 2d 3.30.1[2] which is predicated on § 562.076 RSMo 1978.[3] In his brief upon appeal, defendant contends the proffered but refused instruction was intended to charge only as to subparagraph 1(1) of § 562.076 because nowhere has defendant raised the issue of "involuntary" intoxication. Defendant also acknowledges that if the tendered instruction had been given it would not have constituted any excuse for his conduct but, if followed, would merely have "lessened the degree" thereof.

■ Section 562.076(1), see footnote 3, renders a defendant criminally responsible for his conduct unless his intoxication "[n]egatives the existence of the mental states of purpose or knowledge *when such mental states are elements of the offense*

*charged."* (Emphasis supplied). However, robbery in the first degree per § 569.020, see footnote 1, does not "contain any explicit requirement that the offense be committed with purpose or knowing intent. The jury is not called upon to assess the defendant's mental state as a condition to reaching a verdict. By definition, voluntary intoxication therefore cannot be a defense to robbery ... because the defense is limited by the terms of the statute to offenses which include the elements of mental state of purpose or knowledge." *State v. Helm,* 624 S.W.2d 513, 517[13] (Mo.App.1981). Defendant's point is denied.

■ Per § 491.420 RSMo 1978 (a/k/a the Uniform Law to Secure Attendance of Witnesses from Within and Without State in Criminal Proceedings), defendant filed a pretrial motion to summons Wilmer Strode, the state's prosecuting witness, as a witness for defendant. The purpose of the Uniform Act, as explained in *State v. Sykes,* 611 S.W.2d 278, 280 (Mo.App.1980), is to secure at trial the attendance in Missouri of a material witness residing in another state. In his second point relied on defendant asserts that, as a matter of plain error, he was prejudiced by the trial court's omission to sustain his motion to produce witness Strode. The simple matter is, irrespective of whether the court nisi did or did not rule

1. Sec. 569.020 RSMo 1978: "1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime, (1) Causes serious physical injury to any person; or (2) Is armed with a deadly weapon; or (3) Uses or threatens the immediate use of a dangerous instrument against any person; or (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument. 2. Robbery in the first degree is a class A felony."

2. The proffered but refused instruction: "An intoxicated or drugged condition will not relieve a person of criminal responsibility unless his intoxicated or drugged condition prevented him from acting purposely. Evidence that the Defendant was in an intoxicated or drugged condition may be considered by you in determining whether the Defendant acted purposely as required by Instruction No. __. If you have

a reasonable doubt that the Defendant acted purposely as required by Instruction No. __ you must find the Defendant not guilty of that offense submitted in that instruction."

3. Sec. 562.076 RSMo 1978: "1. A person who is in an intoxicated or drugged condition whether from alcohol, drugs or other substance, is criminally responsible for conduct unless such condition (1) Negatives the existence of the mental states of purpose or knowledge when such mental states are elements of the offense charged or of an included offense; or (2) Is involuntarily produced and deprived him of the capacity to know or appreciate the nature, quality or wrongfulness of his conduct or to conform his conduct to the requirements of law. 2. The defendant shall have the burden of injecting the issue of intoxicated or drugged condition."

the motion, that Wilmer Strode did, in fact, appear and testify at the trial thereby making defendant's second point moot and not reviewable here.

The third and final point relied on by defendant is that the trial court erred by reading aloud his motions for acquittal at the close of all of the evidence prior to giving the final instructions to the jury. Neither the point, the argument thereto nor the transcript discloses that the jury was present in the courtroom when this was allegedly done or, if so, that the reading was audible to any one or more of them. The point is denied for having no demonstrated factual foundation.

Judgment affirmed.

FLANIGAN, P.J., GREENE, C.J., and CROW, J., concur.