Emanuel **JOYCE**, Movant,

v.

**STATE of Missouri, Respondent.**

No. 47327.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 18, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 22, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Jane B. Phillips, Public Defender, St. Louis, for movant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

GAERTNER, Judge.

Movant appeals from the denial, without evidentiary hearing, of his Rule 27.26 motion. He is presently serving a 27 year sentence for robbery first degree, which conviction was affirmed in *Joyce v. State*, 637 S.W.2d 386 (Mo.App.1982). After the filing of the pro se motion, counsel was appointed and an amended motion was filed. The amended motion alleges two grounds of ineffective assistance of counsel: (1) failure to request a psychiatric examination and, (2) failure to raise as a defense movant's heroin addiction as affecting his culpable mental state. The trial court denied the motion, without evidentiary hearing, for the reasons that movant's allegation were refuted by the record and for failure to plead facts which, if true, would entitle him to relief. We affirm.

Counsel will not be convicted of ineffective assistance for failure to request a psychiatric examination when he has no reason to suspect his client is suffering from any mental disease or defect. *Scroggins v. State*, 604 S.W.2d 699, 701 (Mo.App. 1980). The only fact alleged in the motion here is that movant was addicted to heroin. Narcotic addiction, in the absence of some additional evidence of psychosis, does not constitute a mental disease or defect so as to be a defense within the meaning of § 552.010, RSMo. 1978. *State v. Ingram*, 607 S.W.2d 438, 441 (Mo.1980). No such psychosis is alleged here. On the contrary, movant's allegations are only directed to diminished mental capacity by reason of addiction. The failure to request a psychiatric examination is not mentioned in the points relied on or the argument portions of movant's brief on appeal and may be considered as abandoned. *Ross v. State*, 601 S.W.2d 672, 676 (Mo.App.1980).

Moreover, the transcript of the trial and the sentencing proceedings completely refute any contention that narcotic addiction could have been asserted as a defense or in mitigation. The offense of robbery first degree is committed by "forcibly stealing" by causing serious physical injury or by use, threat or display of a dangerous instrument or weapon. § 569.-020, RSMo. 1978. Voluntary intoxication or a drugged condition negates the existence of the mental states of purpose or knowledge only where such mental states are elements of the offense charged. § 562.076.1, RSMo. 1978. Purpose and knowing intent are not elements of robbery first degree. *State v. Helm*, 624 S.W.2d 513, 517 (Mo.App.1981). For this reason the very contention made here by movant was rejected in *State v. Cole*, 662 S.W.2d 297, 301 (Mo.App.1983) and *State v. Duncan*, 648 S.W.2d 892, 893 (Mo.App.1983).

In addition, the trial transcript showed movant comprehensively answered all questions addressed to him. On the day of the robbery he gave the police a statement describing in detail the manner in which he and two others planned and perpetrated the robbery. On the following day he took police to the area where he had hidden the stolen property. His ability to detail the circumstances within a matter of hours after the robbery eliminates any pos-

sibility of successfully interjecting narcotic impairment of his culpable mental state. Submission of such an issue requires evidence of severe impairment amounting to a loss of awareness of what one is doing, a suspension of all reason, a paralysis of the will, a mental incapacity to form a sane design, a stupefaction of the reasoning faculty. *State v. Gullett*, 606 S.W.2d 796, 805–06 (Mo.App.1980). His recall belies his contention. *State v. Bienkowski*, 624 S.W.2d 107, 108 (Mo.App.1981). The allegations of his motion are refuted by the record.

Movant has failed to plead facts not refuted by the record which, if true, would entitle him to relief. Therefore, he is not entitled to an evidentiary hearing. *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), *cert. denied*, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975), *rev'd on other grounds, Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978).

Judgment affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.