**Darwin CLARK, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 49222.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 16, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 17, 1985.

Application to Transfer Denied
June 25, 1985.

Beth S. Ferguson, St. Louis, for appellant.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 27.26 motion. We affirm.

On February 25, 1980, movant entered pleas of guilty on, and was convicted of,

three counts of rape, one count of sodomy, and three counts of burglary. In 1984, he filed a Rule 27.26 motion, alleging his guilty pleas were rendered involuntary by ineffective assistance of counsel. Specifically, movant alleged counsel failed to investigate the circumstances surrounding movant's confession, threatened movant with a sentence of 100 years if he went to trial, and did not desire to try the case because he (counsel) was unprepared. The trial court determined the allegations were refuted by the record of the case, and denied the motion without an evidentiary hearing.

Upon a plea of guilty, the accused waives all errors except those which affect the voluntariness or understanding with which he pleads. *Shelley v. State*, 655 S.W.2d 126, 127 (Mo.App.1983). Ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness of the plea and the knowledge with which it was made. *Oerly v. State*, 658 S.W.2d 894, 896 (Mo.App.1983). To warrant an evidentiary hearing, movant must plead facts not refuted by the record which, if true, warrant relief, and which reveal prejudice to the movant. *Smith v. State*, 652 S.W.2d 134 (Mo.App.1983).

Movant claims an investigation by counsel would have revealed movant was not informed of his rights upon arrest, and that he was held incommunicado by the police, who beat him to secure a confession. Prejudice is asserted due to the alleged weakness of the state's case without movant's confession. However, these allegations are refuted by the record, which reflects a "Motion to Suppress Statements" was denied by the court prior to the acceptance of movant's pleas. Therefore it appears trial counsel did investigate the circumstances surrounding the confession, and in fact acted upon this investigation and attempted to suppress the statements.

Movant's second and third allegations are intertwined. He alleges counsel was unprepared to and did not desire to try the case, and therefore, to induce a plea, counsel threatened movant with a 100 year sentence if he proceeded to trial. These allegations of unpreparedness are patently conclusory. No facts are pled which indicate what evidence or defenses further investigation would have produced. *Cathy v. State*, 644 S.W.2d 392, 393[2] (Mo.App. 1982). Additionally, any reluctance to try the case on counsel's part is shown by the transcript of the plea hearing to have been shared by movant by reason of the facts. The evidence, which included identification of movant by the three victims of the crimes and the discovery of movant's fingerprints at all three crime scenes, appeared to be overwhelming. The plea was considered by both counsel and movant to be "a better deal" than movant could get at trial. It was not ineffective assistance of counsel to explain to the client the possibility of a greater sentence following a jury trial. *Id.*

The record reflects movant's plea was entered voluntarily and knowingly, untainted by any ineffective assistance of counsel. The judgment is affirmed.

DOWD, P.J., and CRANDALL, J., concur.