**William A. MENSAH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 49101.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 13, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 17, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. He asserts his trial lawyer rendered him ineffective assistance of counsel by not pursuing a viable defense of self-defense. We affirm.

Movant was convicted by jury of second degree murder in November, 1980, and sentenced to life imprisonment. His lawyer chose to defend under the theory of mental disease or defect. The Missouri Supreme Court in *State v. Mensah*, 625 S.W.2d 135 (Mo.1981) affirmed the judgment and sentence on direct appeal. In April, 1984, movant filed a Rule 27.26 motion for post-conviction relief, asserting trial counsel rendered ineffective assistance in not pursuing a self-defense theory and failing to request an instruction to that effect. He points to evidence adduced at trial supporting such defense and instruction.

There was evidence movant strangled the victim after she stabbed and cut him with a knife. There was also documented evidence of movant's psychiatric condition. The record shows movant's lawyer objected to the use of a self-defense instruction. She further objected to State's reference to self-defense in final argument.

There is no question movant's lawyer made a conscious choice to defend on mental defect and to exclude the self-defense issue. Movant's psychiatrist testified movant was mentally ill at the time of the strangulation. State's psychiatrist testified he was not. After a lengthy discussion by both counsel and the court, the court agreed with movant's lawyer not to submit a self-defense instruction. Movant contends he is entitled to an evidentiary hearing on his 27.26 motion to probe his lawyer's reasoning. We disagree.

The standard for determining whether a Rule 27.26 movant is entitled to an evidentiary hearing is whether he has pleaded facts, not conclusions which, if true, would entitle him to relief and whether those factual allegations are refuted by the record. *McClain v. State*, 686 S.W.2d 879, 880 (Mo.App.1985). Movant alleges his lawyer should have utilized self-defense and did not. He contends this resulted in ineffective assistance at trial.

Movant's evidence raises the issue of self-defense. However, his contention that failure to request and rely on the self-defense theory at trial resulted in ineffective assistance of counsel is refuted by the record. There was extensive discussion by the trial court and both counsel as to whether a self-defense instruction would be submitted. The State originally submitted self-defense. Movant's lawyer objected. After discussion, the trial court agreed with the defense to withhold the instruction. Movant's unsubstantiated conjecture that his lawyer felt self-defense and insanity instructions could not be offered together is nowhere supported by the record.

It is clear from the record that movant's lawyer made a tactical decision to

pursue the insanity defense to the exclusion of self-defense. There was developed psychiatric testimony relating movant's mental illness to the murder. Movant did not testify on his own behalf. The defense was submitted on mental defect. Movant did not allege material issues of fact supported by the record to warrant relief. An evidentiary hearing may be denied if it can be determined from the file, transcripts, and records that movant is not entitled to relief. *Cathy v. State*, 644 S.W.2d 392 (Mo.App.1982).

Movant also complains of ineffective assistance of counsel at his Rule 27.26 proceeding. He states his Rule 27.26 lawyer should have amended his motion so as to state facts in a lawyer-like fashion. However, he does not suggest what additional facts there were to entitle movant to an evidentiary hearing. Movant offers no factual evidence to support the claim that his 27.26 counsel's inadequate assistance prejudiced his case.

The judgment is affirmed.

DOWD, P.J., and CRANDALL, J., concur.