Wayne Anthony SIMONS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14524.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 31, 1986.

Motion for Rehearing or to Transfer
Denied Nov. 24, 1986.

Ginger Wagner, Conklin, Holden and Wagner, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Movant entered pleas of guilty on four counts of burglary in the first degree and one count of rape. He was sentenced to four terms of 15 years and one term of 30 years to run concurrently. After an evidentiary hearing, his motion under Rule

27.26 attacking those sentences was denied. He presents two points on appeal.

Movant's first point asserts ineffective assistance of counsel in that counsel failed to contact and explore witnesses and defenses as requested by movant. It is axiomatic that "[a]fter a guilty plea, the incompetence of counsel is material only to the extent that it bears on the voluntariness of the plea." *Allen v. State*, 588 S.W.2d 1, 2 (Mo.App.1979).

The Supreme Court of the United States has established a two-part standard for evaluating claims of a convicted defendant of ineffective assistance of counsel. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 693 (1984). He must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. The standard of the federal courts has been adopted by the courts of this state. *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979).

The Supreme Court of the United States has recently held the standard of *Strickland* to be applicable to the evaluation of claims of ineffective assistance of counsel by defendants who pleaded guilty. *Hill v. Lockhart*, 474 U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In so holding the court said, "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*, 474 U.S. at ——, 106 S.Ct. at 370, 88 L.Ed.2d at 210. The court added, "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decision maker.'" *Id.*, 474 U.S. at ——, 106 S.Ct. at 371, 88 L.Ed.2d at 211. Of particular importance to this case

is an illustration of the application of that standard.

> For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.

*Id.*, 474 U.S. at ——, 106 S.Ct. at 370, 88 L.Ed.2d at 210. Applying the reasoning of *Seales*, the standard announced in *Hill* is applicable to this case.

■ In deciding movant's first point against those standards, it is appropriate to consider the requirements applicable to a similar claim by a convicted defendant. Such a movant must show that counsel's omission "had a material effect on the outcome of the trial." *Lockett v. State*, 679 S.W.2d 337, 340 (Mo.App.1984). He is required to show what the testimony of the witnesses would have been and how it would have helped him. *Ryder v. State*, 657 S.W.2d 64 (Mo.App.1983). The movant has the burden of proving that the witnesses' "testimony would have provided a viable defense." *Franklin v. State*, 655 S.W.2d 561, 566 (Mo.App.1983).

The following is a summary of movant's testimony concerning this point. He informed counsel that an aunt, uncle and cousins could testify that movant customarily played basketball with his cousin everyday at the times the four offenses were committed. Movant admitted he was not with his cousin at the times of those offenses and none of the witnesses could testify to his whereabouts. He said they could also testify he was not the type to commit rape. He concluded he didn't know if his lawyer talked to those persons, but the lawyer said he couldn't use them as witnesses.

■ As the trial court found, the named persons could provide no defense. Their testimony concerning the "type of person" of the movant would not have been admis-

sible. If movant's counsel did not interview those persons, which the movant did not establish, it is inconceivable such interviews would have influenced his opinion of movant's defense. Viewed objectively, a failure to interview those witnesses could not have prejudiced the movant.

■ Movant's second point is that his pleas of guilty were not made knowingly, intelligently and voluntarily. Under this point, movant first argues that his counsel's advice of a possible 100–year sentence coerced him into an involuntary plea of guilty. Movant was charged with four counts of the class B felony of burglary in the first degree, two counts of the class A felony of rape and two counts of the class B felony of attempted rape. Consecutive sentences on those charges would well exceed 100 years. For counsel to predict the possibility of a lengthy sentence following a jury trial does not amount to a coerced and involuntary plea. *Clark v. State*, 690 S.W.2d 828 (Mo.App.1985); *Cathy v. State*, 644 S.W.2d 392 (Mo.App.1982).

Movant also argues he was coerced by his counsel's lack of interest in his case. He complains he first saw counsel at his preliminary hearing and counsel took a vacation the week movant's case was set for trial. He thought counsel's only interest was a guilty plea. He didn't go to trial because his counsel "wouldn't have done his best if it would have gone to jury trial."

■ The record reflects movant's counsel was diligent on movant's behalf. He appeared at a lineup at which two victims identified the movant. Counsel filed at least four appropriate pretrial motions, participated in the preliminary hearing and met with the movant three times. The trial court's finding the movant's expressed feeling concerning his counsel's interest was mere speculation is supported by the evidence. The plea proceeding includes the following:

THE COURT: Mr. Simons, I understand no promises have been made to you, and nobody is putting any pressure on you. That you decided to do this of your own free will, is that correct?

THE DEFENDANT: Yes.

Movant's second point is refuted by the evidence and the record and has no merit. The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.