Leo **BLANCHETTE**, Movant-Appellant,

v.

**STATE of Missouri**, Respondent.

No. 15447.

Missouri Court of Appeals,
Southern District,
Division Two.

June 29, 1988.

Nancy A. McKerrow, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

This appeal is taken from the denial without evidentiary hearing of a motion to withdraw a guilty plea and to set aside judgment under former Rule 27.26, now superseded. Inasmuch as sentence was pronounced and this motion was filed before January 1, 1988, this appeal is governed by the law applicable to former Rule 27.26. Rule 29.15(m).

On May 17, 1983, movant (hereinafter defendant) pled guilty to a charge of first-degree robbery as defined and denounced by § 569.020, RSMo 1978. Pursuant to a plea bargain, defendant's punishment was assessed at imprisonment for a term of fifteen (15) years. Before it accepted the plea of guilty, the trial court addressed the defendant personally in open court as required by Rule 24.02(b).

The defendant was examined upon oath. His interrogation, as material here, proceeded thus:

"THE COURT: All right. What is your full name and alias, if any, sir?

THE DEFENDANT: Leo Blanchette.

THE COURT: And what is your age?

THE DEFENDANT: Thirty-five.

THE COURT: What is the extent of your education?

THE DEFENDANT: A couple [of] years of college.

\* \* \* \* \* \*

THE COURT: Mr. Blanchette, do you understand that—and I might ask you one further thing: Have you had anything to drink—any intoxicants to drink today?

THE DEFENDANT: No, I haven't, sir.

THE COURT: And you haven't had access to any drugs or medication today?

THE DEFENDANT: No.

\* \* \* \* \* \*

THE COURT: A plea of guilty is an admission by you that you committed the offense charged.

THE DEFENDANT: Yes, sir.

THE COURT: Therefore, if you enter a plea of guilty, you give up your right against self-incrimination. I would ask [you] then with this in mind if you would tell the Court: Are you telling me that you're entering a plea of guilty because you are guilty as charged?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone used any force or [made] any attempt to talk you into pleading guilty in this case?

THE DEFENDANT: No.

THE COURT: Has anyone made any promises to you, that is, aside from the plea bargain arrangement—

THE DEFENDANT: —No.

THE COURT: —that might have occurred?

THE DEFENDANT: No, sir.

THE COURT: Are you telling me then your willingness to plead guilty is voluntary on your part and that you understand the consequences of that, sir?

THE DEFENDANT: Yes, sir."

The court then inquired if there were a plea bargain agreement. Defendant's counsel stated:

"The plea agreement is, Your Honor, that the state would recommend a fifteen-year sentence in the Department of Corrections, and the defendant will not request a pre-sentence investigation and will not receive probation."

The court then stated:

"All right. That's the way we'll show it in the record then. *Well, the Court believes that the defendant is knowledgeable, that he is intelligent enough to understand his act, and the Court believes that the defendant is acting voluntarily and permits him to withdraw his plea of not guilty....*" (Our emphasis.)

After he had served several years of his sentence, the defendant commenced this proceeding. Defendant asserted that he did not receive the effective assistance of counsel in two respects: 1) his trial counsel promised him that he would serve no more than five (5) years of the fifteen-year (15) sentence; 2) his trial counsel failed to investigate his acute alcoholism which might have provided a defense. De-

fendant's contention that he should have received a hearing is governed by several well established rules. Upon a plea of guilty, the accused waives all errors except those which affect the voluntariness or understanding with which he pleads. *Clark v. State,* 690 S.W.2d 828, 829 (Mo. App. 1985). Ineffective assistance of counsel is immaterial except to the extent it bore upon the voluntariness of the plea. *Clark v. State,* 690 S.W.2d at 829; *Oerly v. State,* 658 S.W.2d 894, 896 (Mo.App. 1983). To be entitled to an evidentiary hearing on the voluntariness of a guilty plea defendant must plead facts which if true entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing. *Thomas v. State,* 605 S.W.2d 792, 794 (Mo.banc 1980).

■ The defendant's first ground for vacation was that his trial counsel had "promised" that defendant would serve no more than five (5) of the fifteen (15) years to which he was sentenced. This assertion is directly refuted by the record, and in any event, an inaccurate prediction of sentence by defendant's counsel does not, of itself, vitiate a plea of guilty. *Griffith v. Wyrick,* 527 F.2d 109, 113, n. 6 (8th Cir.1975).

■ The other ground for relief, as stated in the motion, was that defendant's trial counsel failed to investigate "the fact that [defendant] was an alcoholic and may have been entitled to raise the defense of intoxication," and further that trial counsel "failed to ascertain, appreciate and investigate the effects of alcoholism on the ability of the [defendant] to comprehend, understand and help in the defense of the charges brought against him by the State of Missouri."

Neither of the two factual allegations, if true, would entitle the defendant to the relief he seeks. An early version of present § 562.076, RSMo 1986, provided that intoxication, under certain conditions, mitigated an accused's criminal liability. *State v. Tate,* 733 S.W.2d 45, 47 (Mo.App. 1987). That version of the statute was in effect when the defendant committed the robbery to which he pled guilty. However, as defendant's counsel concedes, voluntary intoxication, under the repealed statute on which defendant relies, negated the existence of the mental states of purpose or knowledge only where such mental states were elements of the offense charged. *Joyce v. State,* 684 S.W.2d 553, 554 (Mo. App. 1984). Purpose and knowing intent are not elements of first-degree robbery. *Joyce v. State,* 684 S.W.2d at 554; *State v. Helm,* 624 S.W.2d 513, 517 (Mo.App. 1981). This contention—that defendant's voluntary intoxication might have constituted a valid defense—has been rejected and counsel could not have been ineffective for failure to advise the defendant of a nonexistent defense.

■ Defendant's appellate counsel argues, nevertheless, that defendant's "alcoholism" amounted to a mental defect or disease which prevented voluntary entry of a plea of guilty. In his 27.26 motion, defendant averred that he "[would] testify, as will his witnesses, Steve Kemp and Charles Morris that his alcoholism was of a severe nature and it affected his ability to remember and comperhend [sic] any and all facts and circumstances concerning his arrest and negotiations in preparation of his defense for his case." The defendant attached two affidavits to his motion. The affidavits were executed by persons who had been confined in the Greene County jail with the defendant a short time before the defendant pled guilty. The tenor of the affidavits was that defendant was "suffering from severe alcohol withdrawal." The plain implication of the argument is that defendant's trial counsel should have requested a psychiatric examination.

■ In part, the allegations of the motion are refuted by the record. The trial court had the opportunity to see and observe the defendant. That court found that the defendant was knowledgeable, intelligent enough to understand his act, and that he was acting voluntarily. Mere allegations of abnormal or unusual behavior do not suffice to meet the burden required to provoke a competency hearing. Given the fact that the defendant was apparently lucid and fully responsive to the judge's questioning when he pled guilty, the allega-

tions of the motion, supplemented by the affidavits, did not plead facts concerning defendant's competency to plead guilty which, if true, would entitle him to relief. *See Thompson v. Blackburn*, 776 F.2d 118, 123–124 [6, 7] (5th Cir.1985). The judgment is affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.