**Danny L. BARNETT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55956.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 26, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

SIMEONE, Senior Judge.

Movant-appellant, Danny L. Barnett, appeals from an order of the circuit court of the City of St. Louis entered on December 7, 1988 denying, after an evidentiary hearing, his motion to vacate sentence, filed pursuant to Rule 27.26. We affirm.

In 1982, movant was convicted of robbery in the first degree and assault in the first degree and sentenced as a persistent offender to fifteen years for robbery and thirty years for assault to run consecutively. The conviction was affirmed on direct appeal by order. *State v. Barnett*, 689 S.W.2d 743 (Mo.App.1985).

On July 22, 1987, movant filed a *pro se* motion alleging that his trial counsel was ineffective because counsel, during trial, failed to object to certain testimony of a police officer. On October 28, 1988, an amended motion was filed by counsel. An evidentiary hearing was held November 4, 1988.

During the cross-examination of a police officer at trial, defense counsel, among many other questions, asked how the officer came to know that appellant was possibly involved in the matter. The officer answered that "I knew from previous police work that [movant] and [another] were friends and had been seen together and when the victim described the person involved it fit the description of [movant] perfectly."

Appellant's sole point on appeal is that the trial court erred in denying his 27.26 motion because he received ineffective assistance of counsel in that his trial counsel elicited, on cross-examination, that the officer knew movant and an associate from previous police work which brought his character in issue by suggesting an inference of guilt and prejudiced him by impeaching his character.

After reviewing the record in this case, we conclude that the judgment of the trial court is not, under the proper standards, clearly erroneous, or that counsel was ineffective under the judicial decisions. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987).

■ Movant argues that counsel's failure to object to the officer's testimony was ineffective or in the alternative that the eliciting of such testimony was without strategic justification. In either event, there was no ineffectiveness. Failure to object constitutes ineffectiveness only where substantial deprivation of the right to a fair trial is involved, *Joyce v. State*, 637 S.W.2d 386, 388 (Mo.App.1982), and matters of trial tactics do not provide a basis for relief. *Stuckey v. State*, 756 S.W.2d 587 (Mo.App.1988).

■ The testimony of the officer did not put the movant's character in issue. It has been repeatedly held in this state that the fact that a person is known to the police or has seen a person on numerous occasions does not necessarily indicate that the person is of bad character or has engaged in other criminal activity. *State v. Knicker*, 424 S.W.2d 605, 608 (Mo.1968)—police officer testified he *knew* defendant; *State v. Pitchford*, 324 S.W.2d 684, 688 (Mo.1959)—person known to police; *State v. Siekermann*, 367 S.W.2d 643, 649 (Mo.1963)—had

seen defendant on numerous previous occasions; *State v. Miller,* 499 S.W.2d 496, 499 (Mo.1973)—defendant well known to police officer; *State v. Boykins,* 541 S.W.2d 90, 91 (Mo.App.1976)—person known to police; *State v. Harris,* 325 S.W.2d 352, 357 (Mo. App.1959)—officer knew defendant before arrest; *State v. Hammers,* 654 S.W.2d 209, 211 (Mo.App.1983).

The thrust of these decisions is that the mere fact that an officer knows the defendant in the course of his duties, does not necessarily indicate that the person is of bad character or that the person has previously engaged in criminal activity. A defendant "well known" to the police, or "known" to the police, or "known from police work" is a distinction without a substantial difference.

Under all the circumstances, the conduct of counsel at trial in this regard did not rise to the level of ineffectiveness and the trial court's conclusion that, under all the "circumstances and facts," there was no substantial prejudice or no ineffectiveness of counsel, was not clearly erroneous.

The judgment is affirmed.

SIMON, C.J., and DOWD, J., concur.