**Lakechia STANLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 104087**

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR.**

Filed: March 14, 2017

Andrew Edward Zleit, St. Louis, Missouri, for appellant.

Josh Hawley, Mary Highland Moore, Jefferson City, Missouri, for respondent.

## OPINION

James M. Dowd, Presiding Judge

Appellant Lakechia Stanley pleaded guilty to three counts of first-degree assault, twelve counts of abuse of a child, twelve counts of first-degree endangering the welfare of a child, nineteen counts of armed criminal action, and two counts of tampering with a victim. The plea court sentenced Stanley to terms of imprisonment totaling 78 years. Stanley filed a Rule 24.035[1] motion for post-conviction relief which was denied by the motion court without an evidentiary hearing. We now consider Stanley's appeal of that denial.

In Stanley's sole point on appeal, she argues the motion court clearly erred in denying her Rule 24.035 motion without an evidentiary hearing because she received ineffective assistance of counsel. Specifically, Stanley alleges that plea counsel—by asserting that she would "see the light of day"—implied to her that she could expect to be paroled in ten to twenty years if she pleaded guilty, which persuaded her to enter a blind guilty plea and thus rendered her plea involuntary. Because the motion court did not clearly err in finding that Stanley's ineffective assistance of counsel claim was refuted by the record and did not entitle her to relief, or to an evidentiary hearing, we affirm.

### Standard of Review

We review the denial of a Rule 24.035 motion for post-conviction relief only to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Dorsey v. State*, 448 S.W.3d 276, 282 (Mo.banc 2014). Findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo.banc 2013). We presume that the motion court's findings are correct. *Chaney v. State*, 323 S.W.3d 836, 841 (Mo.App.E.D. 2010).

Moreover, an evidentiary hearing is not warranted for every Rule 24.035 motion. Rule 24.035(h); *see Whitehead v. State*, 481 S.W.3d 116, 122 (Mo.App.E.D. 2016). To be entitled to an evidentiary hearing, the movant's motion must (1) allege facts, not conclusions, warranting relief; (2) raise factual matters that are not refuted by the file and record; and (3) raise allegations that resulted in prejudice. *Id.* Courts will not draw factual inferences

---

1. All rules references are to the Missouri Supreme Court Rules (2016).

or implications in a post-conviction motion from bare conclusions or from a prayer for relief. *See Johnson v. State*, 406 S.W.3d 892, 898 (Mo.banc 2013) (elucidating this principle with respect to Rule 29.15 motions).

## Discussion

### The *Strickland* Test

We apply the two-part *Strickland* test to ineffective-assistance-of-counsel claims for post-conviction relief. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Johnson*, 406 S.W.3d at 898. To be entitled to relief, the movant must show by a preponderance of the evidence that (1) her counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation and (2) she was prejudiced by that failure. *Johnson*, 406 S.W.3d at 898–99. To overcome the strong presumption that counsel's conduct was reasonable and effective, the movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professionally competent assistance. *Id.* To show prejudice, the movant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

■ Where there is a plea of guilty, a claim of ineffective assistance of counsel is immaterial "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Wiggins v. State*, 480 S.W.3d 379, 382 (Mo. App.E.D. 2015) (citing *Worthington v. State*, 166 S.W.3d 566, 573 (Mo.banc 2005)). Counsel has the basic duty to discuss the circumstances and possible consequences of entering a plea in order to ensure that the defendant makes an informed and intelligent decision about waiving the right

to a trial. *Id.* Within the context of a motion for post-conviction relief, once the movant demonstrates that counsel's performance was deficient, she must further show that there is a reasonable probability that but for counsel's ineffectiveness, the movant would not have pleaded guilty and would have demanded a trial. *Id.*

### Counsel's Prediction that Stanley Would "See the Light of Day"

■ In her sole point on appeal, Stanley claims the motion court clearly erred in denying her Rule 24.035 motion without an evidentiary hearing because plea counsel was ineffective when he implied Stanley could expect to be paroled in ten to twenty years if she pleaded guilty by allegedly stating that a guilty plea would permit her to "see the light of day." We disagree because we find that the motion court did not clearly err in determining that the record refutes Stanley's ineffective-assistance claim.

■ An expectation that a defendant will receive a lighter sentence does not make a plea involuntary. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo.banc 1978). Additionally, the mere prediction of counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary. *Spencer v. State*, 805 S.W.2d 677, 679 (Mo. App.E.D. 1990) (citing *State v. Maloney*, 434 S.W.2d 487, 494–95 (Mo.banc 1968)). This is true even if plea counsel's sentence prediction is inaccurate. *Torrence v. State*, 861 S.W.2d 149, 150 (Mo.App.E.D. 1993) (citing *Blanchette v. State*, 753 S.W.2d 322, 324 (Mo.App.S.D. 1988)). When a movant claims that her guilty plea was involuntary because she was misled by counsel, the test is whether the movant's belief was reasonable. *Id.* at 150 (citing *Holt v. State*, 811 S.W.2d 827, 828 (Mo.App.S.D. 1991)).

Here, Stanley claims she told plea counsel she was willing to plead guilty only if she received a sentence of eight years, but counsel suggested she plead guilty without a plea agreement because if she proceeded to trial, she would likely receive a long sentence and "not see the light of day." Stanley also claims plea counsel persuaded her to plead guilty by telling her that if she did so, she would be more likely to "see the light of day" than if she went to trial. Stanley interpreted this to mean that she would not receive a long sentence and could expect to be paroled in ten to twenty years if she pleaded guilty. Stanley asserts that it was unreasonable for plea counsel to make these statements considering the evidence and the charges against Stanley, and therefore her plea was involuntary. Stanley also claims she would not have pleaded guilty and would have proceeded to trial had plea counsel not implied that her sentence and parole opportunities would be more favorable to her if she pleaded guilty.

We find that Stanley's claim that her guilty plea was involuntary is refuted by the record. First, there is no basis in the record to support Stanley's claim that she was told by counsel she would "see the light of day" if she pleaded guilty. Moreover, even if plea counsel did tell Stanley she would "see the light of day," Stanley provides no support for her belief that the ability to "see the light of day" meant Stanley could expect a sentence where she would be paroled in ten to twenty years.

We agree with the motion court that Stanley's belief that she would receive either an eight-year sentence or be paroled in ten to twenty years was unreasonable since the minimum sentences allowable for the charges against Stanley totaled 77 years. We presume that the motion court's findings are correct, *Taylor v. State*, 456 S.W.3d 528, 533 (Mo.App.E.D. 2015), and

find no clear error in the court's determination that Stanley's belief was unreasonable and therefore her plea was not involuntary.

Stanley's claim of prejudice is also refuted by the record. Here, Stanley had the burden of proving that but for plea counsel's alleged unreasonable conduct, there was a reasonable probability she would have not pleaded guilty and would have insisted on a trial. *Ervin v. State*, 423 S.W.3d 789, 793 (Mo.App.E.D. 2013). Stanley does not explain why or cite any evidence in the record showing that she would have not pleaded guilty and would have demanded a trial had counsel not made the alleged statements. In fact, before Stanley pleaded guilty she stated to the plea court that she had not been promised a particular sentence in exchange for a blind guilty plea.

Stanley also acknowledged that she was aware of the minimum sentences for each of her 48 charges, she knew the sentences could be carried out consecutively, and she understood that the court could impose any sentence within the authorized range of punishment for her charges if she pleaded guilty. Because the minimum sentences on her charges totaled 77 years, it is unlikely Stanley would have not pleaded guilty in the hopes of receiving a more favorable outcome at trial regardless of any suggestions made by plea counsel.

### Conclusion

For the reasons stated above, we affirm.

Kurt S. Odenwald, J., and Gary M. Gaertner, Jr., J. concur.