Jack L. **WRIGHT, Movant–Appellant,**

v.

**STATE of Missouri,**
**Defendant–Respondent.**

No. 15134.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 29, 1987.

Motion for Rehearing or to Transfer
Denied Jan. 20, 1988.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

FLANIGAN, Judge.

Movant, Jack L. Wright, appeals from an order denying, after an evidentiary hearing, his Rule 27.26[1] motion to set aside three judgments and three 25–year sentences for robbery in the first degree, § 569.020. The sentences run concurrently.

Movant's first point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because his guilty pleas, on which the judgments were based, were not entered voluntarily and intelligently and movant was denied effective assistance of counsel. Movant bases his first point on four grounds.

Ground (a) is:

Movant's trial counsel "failed to even investigate medical witnesses and other persons who could have testified to movant's drug and alcohol addiction, which prejudiced movant by summarily denying

him a possible defense to the charges of robbery, since movant's trial counsel did not make any effort to determine whether such defense could be successfully pursued."

Movant argues that the attorneys, Robert Parrish and David Robards, who represented him prior to the reception of his pleas of guilty, failed to investigate "movant's medical witnesses and other persons who could have testified to movant's drug and alcohol addiction." Movant also argues that the testimony of the unproduced witnesses "could have lent credence to movant's claim that he was so intoxicated when the offenses were committed that he could not have realized what he was doing."

The three offenses on which the challenged convictions were based were committed in 1982, two of them on May 11 and one on May 15. At that time § 562.076 provided that voluntary intoxication, under certain circumstances, could excuse responsibility for otherwise criminal conduct. The statute was amended in 1983 to eliminate voluntary intoxication as a factor affecting criminal responsibility.

Movant concedes that some cases hold, and others state, that even in its pre–1983 form, § 562.076 did not recognize voluntary intoxication as a defense to a charge of robbery in the first degree. Such cases include *State v. Danneman,* 708 S.W.2d 741, 744[5] (Mo.App.1986); *Joyce v. State,* 684 S.W.2d 553, 554[4–6] (Mo.App.1984); *State v. Cole,* 662 S.W.2d 297, 301[7, 8] (Mo.App.1983); *State v. Duncan,* 648 S.W.2d 892, 893[1] (Mo.App.1983); *State v. Helm,* 624 S.W.2d 513, 517[13] (Mo.App. 1981). Movant seeks to challenge the soundness of those cases. Under the circumstances here, that challenge need not be considered.

In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Court made several statements which apply to the instant situation where movant seeks to challenge the validity of a conviction based

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

on a plea of guilty entered upon the advice of counsel. They include:

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Id. 106 S.Ct. at 369.

.     .     .     .     .

"[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]." Id. at 369.

.     .     .     .     .

"[T]he two-part *Strickland v. Washington* [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984)] test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, supra, [411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)] and *McMann v. Richardson*, supra. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.*" Id. at 370. (Emphasis added.)

.     .     .     .     .

"[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination

whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Id. at 370–371.

■ To support the charge of ineffective assistance of counsel in failing to secure the testimony of a defense witness, a movant must show what the testimony would have been and how that testimony would have aided him. *Ahart v. State*, 732 S.W. 2d 256, 257[2] (Mo.App.1987). See *Sanders v. State*, 738 S.W.2d 856, 860–861[2] (Mo. banc 1987).

■ None of the unproduced witnesses testified at the motion hearing. Indeed movant, testifying for himself, was vague as to the identity of some of them. Movant produced no evidence of what the testimony of any witness would have been with respect to movant's condition, that is whether voluntarily intoxicated or not, at the time of any of the three offenses. Thus movant failed to meet the requirement of *Hill v. Lockhart*, supra, of showing "the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Ground (a) has no merit.[2]

Ground (b) is:

Movant's trial counsel "failed to have the amended informations, charging movant as a prior and persistent offender, removed from the court's file after they were withdrawn by the state at movant's guilty plea, which prejudiced movant by coercing him to follow

2. Fairness to attorneys Parrish and Robards requires the comment that at the guilty plea hearing counsel informed the court, prior to reception of the pleas, that they had fully discussed

with Wright the possible defense of voluntary intoxication and all agreed that it was strategically unsound to pursue it.

through with his guilty plea or else face trial as a prior and persistent offender."

■ The guilty pleas were entered on December 2, 1982. The original information, with respect to each of the three charges, did not charge movant with being a persistent offender. On July 30, 1982, in each case an amended information was filed which alleged that movant was a persistent offender, as defined in § 558.016. At the outset of the guilty plea hearing, the prosecutor asked the court "simply to proceed on the original informations and we'll withdraw the amended informations." There was no objection to that request. After the pleas had been received, the court asked the prosecutor, in each of the three cases, whether the state "wish[ed] to withdraw the amended information at this time." The prosecutor responded, "I'd like for it just to lay (sic) in the file until sentencing." Again no objection was made to that procedure.

As this court understands ground (b), movant's present counsel seeks to attach significance to the fact that the amended informations remained in the court file. That physical fact, so counsel argues, constituted coercion upon movant not to seek withdrawal of any of his pleas, and movant's trial attorneys should have requested that the amended informations be removed from the court file.

Any attempt by the state to refile the amended informations would not have been affected by whether those documents remained in the court file or were lying on the prosecutor's desk. Once withdrawn on the record, as here, their location was of no moment and was no more intimidating than a prosecutor's glare. This court holds that ground (b) has no merit and is frivolous.

■ Ground (c) is:

"Movant and his trial counsel had become embroiled in an irreconcilable conflict that precluded an effective attorney-client relationship in that communication had completely broken down between movant and his trial attorneys due to the attorneys' refusal to investigate witnesses necessary to pursue the defense of diminished capacity and [to] consult with Loyd Betts concerning Betts' written statement."

Loyd Betts, on May 28, 1982, waived a preliminary hearing and entered a plea of guilty to at least one robbery charge based on the three incidents in May 1982 from which stemmed the robbery charges against movant. Betts testified, at his guilty plea hearing, that he, Betts, "was the driver of the car and was not even sure that a robbery was taking place, but suspected that was what was happening." At the motion hearing, movant introduced Exhibit 1, an undated statement or letter signed by Betts, in which Betts said that the three robberies were committed by Betts and that movant was not involved.

In his verified motion, movant stated that he had presented Exhibit 1 to his attorneys Robards and Parrish. At the hearing on the motion, however, movant testified that the attorneys "gave [Exhibit 1] to me." Testifying for the state in the motion hearing, attorney Parrish said that he could not identify Exhibit 1 and had no recollection of seeing it before. Attorney Robards testified that he had no recollection of Exhibit 1 and, further, "it is impossible that Betts gave me this letter and that I gave it to [movant] because if Betts had given me that letter it would have created a conflict. I did not receive that letter of Betts."

The trial court found that "movant failed to prove that his attorneys ever saw [Exhibit 1] and, further, that [Exhibit 1] is of little value because it is completely contradicted by Betts' sworn testimony at his guilty plea hearing." That finding is fully supported by the record.

Movant distorts the record when he asserts that he and his trial counsel were "embroiled in an irreconcilable conflict" and that "communication had completely broken down" between them. The disagreement between movant and his counsel took place prior to July 30, 1982, on which date a motion was filed by the attorneys seeking leave to withdraw. That motion was argued and overruled on August 2, 1982. Months later, at the guilty plea

hearing, movant expressed satisfaction with his counsel, Parrish and Robards. Movant also testified, at the plea hearing, that he had had enough time to tell his lawyers all he wanted to tell them about each of the three cases, that the lawyers had followed up on what he had told them, and that they had not failed to do anything they should have done in his behalf. In short, any breakdown in the attorney-client relationship occurring prior to July 30 had been fully repaired prior to the plea hearing of December 2. Ground (c) lacks factual support and has no merit.

Ground (d) is:

"One of the attorneys representing movant during the pretrial and plea negotiation stages of his case had also represented movant's co-defendant Loyd Betts, who pled guilty to a term of ten years imprisonment and agreed to testify for the state against movant, which resulted in an actual conflict of interest and denied movant the effective assistance of counsel."

■■■ Although "prejudice is presumed when counsel is burdened by an actual conflict of interest," *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), that is true only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance. Id. See *Parcel v. State*, 687 S.W.2d 621, 626[8–10] (Mo.App.1985). Movant has failed to make that demonstration.

The trial court found:

"[N]o conflict appeared because the Betts case only lasted ten days, complaint being filed May 18, 1982, and judgment and sentence being entered on May 28, 1982, and movant failed to show that any conflict appeared during this period of time. Furthermore, Robert Parrish, who represented movant at the guilty plea hearing and at the sentencing, was never involved in the Betts case. Since movant has failed to prove that his attorneys ever saw the letter from Betts, there really has been no evidence presented that a conflict existed between the two cases...."

That finding is supported by the record.

Further, movant overstates the record when he says that Betts "agreed to testify for the state against movant." The only evidence touching that aspect was the testimony of attorney Robards to the effect that the "public defender office," of which Robards was a member, was appointed to represent both men. Robards said, "As I recall, Mr. Betts made a confession, that's my vague recollection and it may be imperfect. And as I recall, Mr. Betts was to some extent intending to testify for the state. But that's just my recollection."

Exhibit 1, the Betts letter discussed under ground (c), is the principal basis for movant's claim of "an actual conflict" and, as previously stated, the motion court held that movant failed to prove that either of his attorneys saw Exhibit 1. Ground (d) is directed against attorney Robards only, but at the guilty plea hearing movant was also represented by attorney Parrish. This court holds that movant failed to demonstrate that either Robards or Parrish actively represented conflicting interests, and movant failed to show that an actual conflict of interest adversely affected the performance of either attorney. Ground (d) has no merit and the same is true of movant's first point.

Movant's second point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because his guilty pleas, on which the judgments were based, were not entered voluntarily and intelligently in that movant "was not fully informed of all the consequences of his guilty plea as movant was never informed prior to sentencing that he would be assessed the sum of $26 on each [conviction], nor did movant agree to the imposition of such assessment in his guilty plea agreement."

This point approaches absurdity. It taxes or shatters credulity to contend that a decision to plead guilty and accept three concurrent 25–year sentences might have hinged on whether a $78 financial obligation was entailed, an obligation that

would also accompany convictions following trial. Come now.

Defendant's second point refers to § 595.045.1 which provides, in pertinent part, that upon the imposition of sentences of the type as the three involved here, the court shall enter a judgment of $36 (at the time of the instant sentences the amount was $26) against the defendant in favor of the State of Missouri. The clerk of the court processing such funds is required to retain $1.00 for handling expenses and to pay the balance to the state treasury for the Crime Victims' Compensation Fund.

Movant's brief states, "Neither the plea bargain agreement nor the [petition to enter plea of guilty] signed by [movant] made any mention of any sum of money being assessed against [movant]. So far as the record reflects, [movant] was never informed by either his attorneys, or the court, prior to sentencing, that he would be subjected to a judgment of $26 on each count for which he was convicted."

■ "The test of whether a plea is voluntarily and intelligently made is not whether a particular ritual is followed or whether each and every detail is explained to a defendant but whether the plea in fact is intelligently and voluntarily made." *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978). In determining whether a guilty plea is made voluntarily, the trial court has the same discretion as when acting as a trier of the facts. *McDonald v. State*, 734 S.W.2d 596, 599 (Mo.App.1987).

Rule 24.02(b) reads, in pertinent part: "... before accepting a plea of guilty, the court must address the defendant personally in open court, and inform him of, and determine that he understands, the following:

1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
..."

In *United States v. Garcia*, 698 F.2d 31 (1st Cir.1983), the court dealt with Fed.R. Crim.P. 11, which required the court to advise a defendant, on a plea of guilty, of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty." The court held that the word "penalty," as used in the federal rule, referred to "the statutory nominal sentence" which was "usually readily ascertainable from the face of the statute defining the crime." The court also held that the word "penalty" did not refer to "actual time in prison after credit for good behavior and parole" and that failure of the trial court to advise the defendant of the factors affecting her parole eligibility did not render the guilty plea unintelligent and involuntary.

■ This court holds that the word "penalty," as used in Rule 24.02(b)(1), refers to the punishment permitted by statute with respect to the offense, as charged in the information, to which a plea of guilty is entered and that it does not include the sum assessed against the defendant under § 595.045.1. Accordingly, there is no merit in movant's complaint that his plea was tainted because the *court* failed to inform him, prior to the acceptance of his guilty plea, of the obligation imposed by § 595.045.1.

■ Movant argues, however, that his guilty plea was tainted because the record does not show that his *counsel* informed him, prior to entry of the guilty plea, of the obligation imposed by § 595.045.1.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), discussed earlier in this opinion, Hill entered a plea of guilty pursuant to a plea bargain agreement. Hill later filed a federal habeas corpus petition alleging that his guilty plea was involuntary because his attorney had *misinformed* him that he would become eligible for parole after serving one-third of his prison sentence, although the fact was that Hill was required to serve one-half of his sentence before becoming eligible for parole. The Court held, as previously mentioned, that to satisfy the "prejudice" requirement of Strickland v. Washington, the defendant must show that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial.

At 106 S.Ct. 366, 371 the Court said:

"Petitioner did not allege in his habeas corpus petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty."

The court held that Hill had failed to allege the kind of "prejudice" necessary to satisfy the *Strickland v. Washington* test and that the District Court did not err in declining to hold an evidentiary hearing on Hill's petition.

Movant failed to produce evidence, at the motion hearing, that counsel did not inform him of the obligation imposed by § 595.045.1, or that movant was unaware of that obligation, or that, if he had been informed of it, there was a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Such failures are fatal to his second point insofar as it rests upon alleged ineffective assistance of counsel. It is unnecessary to determine whether any duty rested upon counsel to inform movant of the obligation imposed by § 595.045.1. Movant's second point has no merit.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.