Jason **CONGER**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. ED 98557.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 21, 2013.

Timothy Forneris, St. Louis, MO, for Appellant.

Chris Koster, Gregory L. Barnes, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Judge.

Jason Conger ("Movant") appeals from the motion court's denial, after an evidentiary hearing, of his Rule 24.035 post-conviction relief motion. Movant pled guilty to first-degree robbery, in violation of Section 569.020; armed criminal action, in violation of Section 571.015; second-degree burglary, in violation of Section 569.170; stealing over $500, in violation of Section 570.030; and resisting arrest, in violation of Section 575.150. Movant was sentenced to a total of fifteen years' imprisonment. We affirm.

## I. Background

The State charged Movant with first-degree robbery and armed criminal action (Case No. 0811–CR00378–01); resisting arrest (Case No. 0811–CR02569–01); and second-degree burglary and stealing over $500 (Case No. 0811–CR00698–01). On May 28, 2009, Movant pled guilty to all charges.

At the plea hearing, the plea court explained to Movant his right to a jury trial, and Movant affirmed that he understood those rights and the consequences of his decision to plead guilty. After the prosecutor reviewed for Movant the nature and elements of the charges against him and the ranges of punishment, Movant assured the court that no one had threatened, coerced, or promised him anything, such as a lenient sentence, to induce him to plead guilty. Movant affirmed that he was pleading guilty to first-degree robbery, armed criminal action, resisting arrest, second-degree burglary, and stealing because he was "in fact actually guilty." Movant testified that, on January 17, 2008, he entered Medicine Shoppe, displayed a nine-millimeter handgun, and forcibly stole hydrocodone. Movant also stated that, on September 4, 2007, he entered Wharf Pharmacy "through the rafters" and stole prescription medication. Finally, Movant explained that, while driving on January 17, 2008, Movant knew that a law enforcement officer was attempting to effect a lawful stop, but Movant fled the officer at a speed of 120 miles per hour. After finding that Movant had entered his guilty plea freely and voluntarily, the plea court accepted Movant's plea and found Movant "guilty of the charges beyond a reasonable doubt."

At the sentencing hearing on July 17, 2009, the court sentenced Movant to concurrent sentences of twelve years' imprisonment for first-degree robbery and armed criminal action, to run consecutively with concurrent sentences of three years' imprisonment for second-degree burglary, stealing, and resisting arrest, for a total of fifteen years' imprisonment. The sentencing court then advised Movant of his post-conviction rights and questioned Movant about the assistance he received from plea counsel.

When the sentencing court asked Movant whether he was completely satisfied with plea counsel's services, Movant answered, "In some ways, yes; others, there was more evidence I would like that would have been out there ... Just—just a wit-

ness, hours of work, right now I can't think much." In an apparent effort to understand Movant's comment, the plea court asked Movant a series of specific questions relating to counsel's representation. Movant responded that his attorney explained the charges to him, investigated his cases fully, discussed with him any possible defenses he might have to the charges, interviewed and investigated any witnesses who might have helped with his defense, and did everything Movant asked of them. Movant stated that he had no complaint, other than what he had previously stated, regarding the services provided by counsel. The sentencing court concluded: "Court finds no probable cause on each of these three cases that the defendant has not been effectively represented by counsel."

Movant filed a Rule 24.035 motion for post-conviction relief, which counsel later amended. In his motion, Movant alleged that his plea counsel was ineffective for "coercing him into pleading guilty because [Movant] could not pay plea counsel's legal fees for trial." Movant also claimed that plea counsel was ineffective for "advising [Movant] to plead guilty without investigating [Movant's] defense of involuntary drugged condition...." The motion court found that Movant's claims were refuted by the record and denied the Rule 24.035 motion without an evidentiary hearing.

On October 18, 2011, in *Conger v. State*, 356 S.W.3d 217 (Mo.App. E.D.2011), this Court remanded Movant's financial conflict of interest claim for an evidentiary hearing. An evidentiary hearing was held on March 14, 2012. Movant's plea counsel, Lorna Huber and Patrick Coyne testified, and Movant's testimony was admitted through a deposition. The motion court filed its Findings of Fact, Conclusions of Law, and Order on May 2, 2012, denying Movant relief. This appeal follows.

## II. Discussion

In his sole point on appeal, Movant alleges the motion court clearly erred in denying his motion for post-conviction relief after a hearing where Movant proved facts showing plea counsel's desire to obtain payment for his legal services at trial conflicted with Movant's interest in persisting in his plea of not guilty, taking his case to a jury and avoiding a criminal conviction. Movant claims this conflict of interest prejudiced him, in that plea counsel pressured Movant to accept the guilty plea because Movant could not afford a trial. Movant contends plea counsel's actions deprived him of his right to persist in his plea of not guilty, his right to conflict-free counsel, his right to effective assistance of counsel, his right to a fair trial, and his right to due process of law, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 18(a) of the Missouri Constitution. Further, Movant alleges had plea counsel not coerced him, Movant would not have pled guilty and would have insisted on a trial. He claims plea counsel was ineffective, and such ineffectiveness rendered Movant's guilty plea unknowing, unintelligent and involuntary.

### A. Standard of Review

■■■■ Our review of the denial of a post-conviction relief motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). As the motion court's findings and conclusions are presumed correct, they will be deemed clearly erroneous only if, upon a review of the record, the appellate court is left with a definite and firm impression that a mistake has been made. *Roberts v. State*, 276

S.W.3d 833, 835 (Mo. banc 2009). The movant bears the burden of proving by a preponderance of the evidence that the motion court clearly erred in its ruling. *Cooper v. State,* 356 S.W.3d 148, 152 (Mo. banc 2011).

### B. Motion Court did not Err in Denying Claim that Trial Counsel had Conflict

■ To prevail on a claim of ineffective assistance of counsel, a movant must show the following: (1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) counsel's deficient performance prejudiced the movant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A movant establishes prejudice by demonstrating that, but for counsel's ineffectiveness, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). When a movant enters a plea of guilty, ineffective assistance of counsel is relevant only to the extent it affected the voluntariness of the plea. *Burnett v. State,* 311 S.W.3d 810, 817 (Mo. App. E.D.2009). The movant must show there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997).

■ To prevail on a claim of ineffective assistance of counsel based on counsel's conflict of interest, the movant must show an actual conflict of interest adversely affected counsel's performance. *Helmig v. State,* 42 S.W.3d 658, 680 (Mo.App. E.D. 2001). "In order to prove a conflict of interest, 'something must have been done by counsel, or something must have been forgone by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another.'"

*Id.* (citing *Alexander v. State,* 864 S.W.2d 354, 359 (Mo.App. W.D.1993)). Moreover, "the mere existence of a possible conflict of interest does not automatically preclude effective representation." *Helmig,* 42 S.W.3d at 680.

■ A defendant's failure or inability to pay legal fees does not automatically give rise to a conflict of interest. *Conger,* 356 S.W.3d at 221. Likewise, counsel's statement to a defendant that he or she must pay additional fees to continue receiving counsel's services is not in itself coercive. *Id.* However, a financial conflict of interest may arise when a defendant's inability to pay creates a "divergence of interests" between the defendant and counsel such that counsel pressures or coerces the defendant to plead guilty where, absent the coercion, the defendant would have taken the case to trial. *Id.* at 221–22.

Here, Movant's plea counsel Lorna Huber ("Plea Counsel") testified during the evidentiary hearing that she represented Movant for at least a year, she visited him several times at the jail, including an initial visit of at least an hour or two, and that she had a number of phone conversations with Movant that ranged from two minutes to 45 minutes. They talked about the facts of the case and any possible defenses. Plea Counsel's law firm filed a motion to withdraw because Movant's family had not paid costs Plea Counsel had advanced for experts, and the family still owes money that has not been reimbursed. However, Movant never complained nor did their relationship deteriorate after that motion was filed. As far as Plea Counsel was concerned, the motion did not affect her performance in the case and she was still able to communicate with Movant. Movant never complained to Plea Counsel that he felt as if he was being coerced into pleading guilty, which he pled about six

months later. Plea Counsel did not tell Movant she would not try the case if he did not pay her. Had Movant chosen to go to trial, Plea Counsel would have taken the case to trial.

The State's evidence against Movant included two eyewitnesses, who testified at numerous bond hearings that Movant walked in at gunpoint and attempted to rob the pharmacy. Police arrived while Movant was still at the scene, they followed him, and a chase ensued through St. Charles County into St. Louis County, resulting in police catching Movant. This was audio taped, and Movant gave a recorded confession as well.

When Plea Counsel presented the evidence to Movant and gave him an honest assessment of her thoughts on Movant's chances for succeeding at trial, Movant decided to do an open plea. He decided to plea based exclusively on the facts, not based on whether he could pay, according to Plea Counsel. His decision appeared to Plea Counsel to be made freely and voluntarily. Plea Counsel thought Movant's plea worked out better for Movant, receiving a total of 15 years, rather than the multiple life sentences he might have otherwise received.

Additionally, Patrick Coyne ("Co-counsel") testified that he worked with Plea Counsel as her co-counsel on Movant's case. Besides reiterating Plea Counsel's testimony, Co-counsel testified that the request for additional money to pay for the expenses did not affect his relationship with Movant or the way he interacted with him. Co-counsel only spoke with Movant's family members regarding payment. In fact, Movant's family wanted the work done, regardless of expenses, Co-counsel said. Co-counsel testified that the firm was not worried about any money regarding whether Movant would plea or try the case, and the firm would have tried the case regardless of whether they were going to get paid. Co-counsel never heard Movant say he wanted to plead because he could not afford a trial, nor did Co-counsel ever tell Movant he would not try the case if Movant did not pay.

Movant testified by deposition for the evidentiary hearing. He said Plea Counsel represented him for 19 months. Movant was not sure whether he spoke with his attorneys about the motions to withdraw, but he learned they were denied through Case.net. Movant stated that if his plea got set aside, he would like to take the case to trial. He recalled telling the judge under oath that his attorney had fully investigated his case. Movant admitted that he was testifying at his hearing deposition differently than how he had testified before under oath. He admitted his attorney had discussed with him possible defenses to the charges. Movant testified that his plea counsel did not do everything he asked her to do, and that he knowingly and deliberately made a false statement under oath regarding the same.

Movant admitted in deposition that he made the final decision to plead guilty. When asked whether he in fact committed the crimes in this case, Movant answered "yes." Movant stated that he went to the pharmacy with a weapon, specifically a gun, and asked the lady there for pills. Movant added that he drove off, which resulted in his conviction for resisting arrest. Movant said it was true when he told the judge that no one had forced him to plead guilty, that he was doing it freely and voluntarily. However, then Movant stated in the same deposition that he pled guilty because he was forced to "not take it to trial." Movant said he was lying when he answered the judge's question as to whether anyone had forced or coerced him into pleading guilty.

After reviewing the testimony from the evidentiary hearing and taking judicial notice of the underlying criminal file, post-conviction file, and transcripts of the trial and sentencing, the motion court found no credible evidence there was a conflict of interest. Both Plea Counsel and Co-counsel testified that their performance was in no way affected by Movant's payment or lack thereof of attorneys' fees. The court found the attorneys' testimony credible in that they never told Movant they would not try the case if he did not plead guilty or pay more money; to the contrary, they would have tried the case if that is what Movant wished, even without receiving more money. Further, Movant never asserted in his claim any specific manner in which Plea Counsel's performance was adversely affected or that Movant was coerced, other than the vague assertion that a conflict was created. The motion court found no credible evidence of anything Plea Counsel did or did not do that was detrimental to Movant's interests and advantageous to someone else. Movant testified under oath at the plea hearing that he understood what he was doing and wanted to proceed with his plea of guilty, and the motion court found Movant not credible when he testified to the contrary during the evidentiary hearing. Moreover, the motion court found Movant did not prove Plea Counsel had an actual conflict of interest, either directly or by inference. The motion court found no evidence on the record to find that Plea Counsel and Co-counsel did not meet their ethical obligation to Movant to protect his rights and be his advocates. The inconsistency in Movant's testimony during his deposition versus his testimony at the guilty plea impaired Movant's credibility. Movant testified at his deposition that he felt he had to plead guilty because his attorneys wanted more money to take the case to trial. However, Movant also admitted that no one forced him to plead guilty and that he did so freely and voluntarily. Accordingly, the motion court found Movant pleaded guilty freely and voluntarily, and without being coerced.

After reviewing the entire record, this Court finds the motion court's findings of fact and conclusions of law are not clearly erroneous. To the contrary, this Court agrees with the motion court's findings and conclusions. Movant has not met his burden in proving any conflict of interest between Movant and his plea counsel, nor has Movant provided any evidence that his guilty plea was not made freely and voluntarily. We do not find Movant's counsel coerced him into pleading guilty to avoid taking the case to trial because Movant had not paid enough money. Rather, Movant made his own decision to plead guilty, which he did freely and voluntarily. Movant's point is denied.

### III. Conclusion

The motion court's judgment is affirmed.

ROBERT G. DOWD, JR., P.J., and ANGELA T. QUIGLESS, J., concur.