

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

| | | |
|---|---|---|
| AARON H. JOHNSON, | ) | No. ED100117 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Michael T. Jamison |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: April 15, 2014 |

Aaron Johnson ("Johnson") appeals from the motion court's order denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Johnson absconded after he claims the motion court erred and, therefore, we apply the escape rule and dismiss his appeal on Point I. Because Johnson has failed to show that an actual conflict of interest exists, Point II is denied and we affirm the motion court's denial of post-conviction relief.

## I. BACKGROUND

Johnson was charged in St. Louis County with robbery in the first degree, armed criminal action, and tampering with a motor vehicle. On September 13, 2010, Johnson entered an Alford[1] plea of guilty to all three counts. Sentencing was set for October 21,

---

[1] In North Carolina v. Alford, 400 U.S. 25, 37-38 (1970), the U.S. Supreme Court recognized a defendant could choose to plead guilty to a charged offense and accept criminal penalty, although not admit actual guilt, when the record strongly supported a finding of guilt.

2010, but later continued to November 18, 2010. On that date, Johnson failed to appear and a capias warrant was issued for his arrest. On August 17, 2011, the warrant was executed and Johnson was taken into custody. On October 3, 2011, the court sentenced Johnson to fifteen years on robbery in the first degree and five years for both armed criminal action and tampering with a motor vehicle. All sentences were ordered to run concurrently with each other for a total of fifteen years' imprisonment.

## II. DISSCUSSION

### A. *The Escape Rule*

In his first point on appeal, Johnson contends the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Johnson claims that his plea of guilty to one count of first-degree robbery was not voluntarily, knowingly, and intelligently made because his plea counsel ("Counsel") assured him that he would enter a blind plea of guilty to the lesser charge of second-degree robbery. Johnson claims he was denied his right to effective assistance of counsel and due process of law as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution.

"The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice." Crawley v. State, 155 S.W.3d 836, 837 (Mo. App. E.D. 2005). The escape rule is applicable in both appeals on the merits and motions for post-conviction relief under Rules 29.15 and 24.035. Fogle v. State, 155 S.W.3d 63, 65 (Mo. App. E.D. 2003). In applying the escape rule, the relevant inquiry is whether the escape adversely affected the criminal justice system. State v. Troupe, 891

2

S.W.2d 808, 811 (Mo. banc 1995). If it is determined the escape has produced or created adverse effects upon our criminal justice system, dismissal of the appeal is appropriate. Nichols v. State, 131 S.W.3d 863, 865 (Mo. App. E.D. 2004). Determining whether to apply the escape rule is left to the sound discretion of the appellate court. Troupe, 891 S.W.2d at 811. The escape rule only applies to errors that occurred prior to and up to the time of escape. Nichols, 131 S.W.3d at 865.

Johnson claims his guilty plea was not made knowingly, voluntarily, and intelligently due to ineffective assistance of counsel. The plea was entered prior to Johnson absconding. Because the alleged error occurred before the appellant absconded; the escape rule applies at the discretion of the Court.

There is no threshold amount of time an appellant must have escaped justice before dismissal is allowed under the escape rule. Pradt v. State, 219 S.W.3d 858, 862 (Mo. App. S.D. 2007) (quoting Holmes v. State, 92 S.W.3d 193, 196 (Mo. App. W.D. 2005). The relevant inquiry in determining whether to apply the escape rule is deciding whether the escape adversely affected the criminal justice system. Pradt, 219 S.W.3d at 862 (quoting Smith v. State, 174 S.W.3d 74, 75 (Mo. App. E.D. 2005). In the exercise of this Court's sound discretion we conclude that the appellant adversely affected the criminal justice system and his appeal on Point I is dismissed.

Johnson comes before this Court seeking vindication for his due process rights. However, when Johnson absconded prior to his sentencing hearing, he showed his disregard for the trial court and the criminal justice system. Johnson thwarted the usual orderly process by his extended absence and has succeeded in delaying his sentencing, and his appeal, by almost nine months. By absconding, Johnson shows contempt for the very

process he now seeks to utilize. "[T]hose who seek protection from the legal system in the form of post-conviction relief must be willing to abide by all the rules and decisions of that legal system." Parsons, 383 S.W.3d at 74 (quoting Harvey v. State, 150 S.W.3d 128, 130 (Mo. App. E.D. 2004).

By absconding, Johnson placed a considerable burden of expense and effort on the government and the appellate court is required to divert its attention from the merits of the appeal to concentrate on extraneous matters. State v. Kearns, 743 S.W.2d 553, 554-55 (Mo. App. S.D. 1987). If we were to remand for a new trial, the long hiatus and delay would present almost certain prejudice to the state. Id. at 554.

Johnson's appeal as to Point I is dismissed.

## B. *Conflict of Interest*

On his second point, Johnson argues that the motion court clearly erred in denying his Rule 24.035 post-conviction relief without an evidentiary hearing. Johnson claims his sentencing counsel, Counsel, had an actual conflict of interest thereby yielding ineffective assistance of counsel, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution.

Our review of denial of a post-conviction relief motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Conger v. State, 398 S.W.3d 915, 918 (Mo. App. E.D. 2013). As the motion court's findings and conclusions are presumed correct, they will be deemed clearly erroneous only if, upon a review of the record, the appellate court is left with a definite and firm impression that a mistake has been made. Id. The movant bears the

4

burden of proving by a preponderance of the evidence that the motion court clearly erred in its ruling. Id at 919.

To show he was entitled to an evidentiary hearing on his Rule 24.035 motion, Johnson must show that (1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record of his case; and (3) the matters complained of resulted in prejudice to him. Roberts v. State, 276 S.W.3d 833, 835 (Mo. banc 2009). To prevail on a claim of ineffective assistance of counsel where a movant has pleaded guilty, a movant must show his counsel's representation fell below an objective standard of reasonableness and that, as a result, he was prejudiced. Dobbs v. State, 284 S.W.3d 201, 205 (Mo. App. S.D. 2009).

To prevail on a claim of ineffective assistance of counsel based on counsel's conflict of interest, the movant must show that an *actual* conflict of interest adversely affected counsel's performance. Conger, 398 S.W.3d at 919. For purposes of showing ineffective assistance of counsel, prejudice is presumed when counsel is burdened by an actual conflict of interest. Wright v. State, 743 S.W.2d 571, 576 (Mo. App. S.D. 1987). To prove an actual conflict of interest, something must have been done by counsel, or something must have been forgone by counsel and lost to defendant, which was detrimental to the interests of the defendant and advantageous to another. Id. The mere existence of a possible conflict of interest does not automatically preclude effective representation. Id.

Johnson has failed to show that an actual conflict of interest existed between him and his attorney. Furthermore, Johnson has failed to show that any action by Counsel was detrimental to his interests and advantageous to another. Johnson first contends that an actual conflict of interest existed at the time of his sentencing hearing when Counsel,

5

outside the courtroom, threatened to "knock [him] out in front of everybody".[2] The statement itself by Counsel does not rise to the level of an actual conflict of interest. Other than stating that Counsel made the threat to Johnson and there was a conflict that existed, he does not indicate how the threat negatively impacted Counsel's representation. "[T]he mere existence of a possible conflict of interest does not automatically preclude effective representation." Helmig, 42 S.W.3d 658, 680 (Mo. App. E.D. 2001). As the sentencing court correctly stated, "[The court] finds there is no probable cause to believe the Defendant has received ineffective assistance of counsel."[3]

Second, Johnson argues that the actual conflict of interest began at his plea hearing prior to his escape from custody. Johnson claims he no longer trusted Counsel because he convinced him to plead guilty after promising him that he would plead guilty to a lesser offense. The plea hearing occurred before Johnson absconded and therefore, for the reasons stated earlier, the escape rule applies and we dismiss this argument. Johnson also claims that a conflict of interest arose when he asked for Counsel to withdraw and Counsel refused to do so. The sentencing record indicates that Counsel asked the court to allow him to withdraw as counsel for Johnson. He also asked the sentencing court to continue the sentencing hearing to a later date. The court denied both of Counsel's requests.

Finally, Counsel asked the sentencing court to sentence Johnson to the minimum of ten years on robbery in the first degree and three years on the armed criminal action. The court sentenced Johnson to fifteen years for robbery in the first degree, five years for armed criminal action, and five years for tampering in the first degree. All three sentences

[2] L.F. 42
[3] L.F. 43

would run concurrently, totaling fifteen years.  Johnson claims that Counsel's lack of basis

for his sentencing recommendation of ten years equates to ineffective assistance of counsel

and resulted in a less than favorable sentence.

Counsel rationalized his recommended sentence of ten years by the fact that

Johnson had been indicted by the federal government.  Johnson claims that Counsel

implied to the court that, "[I]t did not matter what sentence the court gave Mr. Johnson

because the federal court would most likely run the future federal sentence consecutively."[4]

This interpretation seems unlikely.  Counsel seemed to be advocating for a lighter sentence

by explaining to the court that Johnson would likely be facing more charges, and an

additional sentence, in federal court.

At Johnson's plea hearing before he absconded, the State of Missouri ("State")

recommended that he be sentenced to a total of fifteen years for the three counts, to be

served concurrently.  The court then set a date for sentencing and strongly cautioned

Johnson that he stay out of any kind of trouble before his sentencing hearing:

> "You've entered a blind plea, so all I can do is caution you, Mr. Johnson, that it's imperative that you stay out of any kind of difficulty between now and [your sentencing hearing].  And it's also imperative that you be back and present yourself back here [for sentencing].  Because if either of those things would happen, you don't show up or get yourself in some other difficulty, I've got the entire range of punishment to consider in assessing punishment; do you understand that?"

Johnson acknowledged that he understood.  He then absconded from the State and was not

apprehended until almost nine months later.  Nothing done or forgone by Counsel

constitutes ineffective assistance of counsel or an actual conflict of interest.  Despite

absconding, Johnson received the same concurrent sentence of fifteen years that the State

---

[4] Appellant's brief pg. 32.

recommended prior to his escape.  Thus, no conflict of interest existed to rise to the level of

ineffective assistance of counsel and the motion court's decision is affirmed.

### III. CONCLUSION

For the foregoing reasons, Point I on appeal is dismissed and Point II is denied.

The motion court's decision denying post-conviction relief is affirmed.

_____

Roy L. Richter, Presiding Judge

Clifford H. Ahrens, J., concurs
Glenn A. Norton, J., concurs