

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| MICHAEL A. MAHONE, | ) | No. ED102976 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Carolyn C. Whittington |
| | ) | |
| Respondent. | ) | Filed: May 17, 2016 |

## I. Introduction

Michael A. Mahone ("Movant") appeals from the motion court's denial of his Rule 24.035 post-conviction relief ("Rule 24.035 motion") after an evidentiary hearing. Movant pled guilty to one count of the class C felony of forgery, in violation of Section 570.090, RSMo (2000).[1] In his Rule 24.035 motion, Movant claims his plea counsel was ineffective for failing to advise him that the court could grant credit for time served on probation, but only when that probation was revoked. Movant further claims his plea counsel was ineffective for failing to advise him that he would be required to serve a minimum of eighty percent of his sentence before becoming eligible for parole. However, Movant's amended Rule 24.035 motion was filed untimely. Because the motion court did not conduct an independent inquiry into whether Movant was abandoned by post-conviction counsel as a result of the untimely filing, we are compelled by the Supreme Court's holding in *Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015),

---

[1] All further statutory references are to RSMo 2000 as supplemented, unless otherwise indicated.

to reverse the motion court's judgment and remand the case to the motion court to determine whether Movant was abandoned by post-conviction counsel.

## II. Factual and Procedural Background

On April 7, 2010, the State charged Movant with the class C felony of forgery in Case No. 08SL-CR01376-01. On July 30, 2013, Movant appeared in court with counsel ("plea counsel") to plead guilty pursuant to a plea agreement. After the court found that there was a factual basis for the charge and that Movant's guilty plea was made voluntarily, intelligently, and with a full understanding of the charge, the court accepted Movant's plea. Movant also expressed satisfaction with plea counsel's representation. Movant was sentenced, in accordance with the plea agreement, to a seven-year suspended sentence with five years of probation and a special condition of probation requiring him to complete 90 days in the Choices program with the Department of Justice Services.

Approximately two years later, on October 4, 2012, Movant appeared in court, with different counsel, for a probation revocation hearing. Before the probation revocation hearing, the court proceeded with two other cases, Case Nos. 11SL-CR04174 and 11SL-CR02864. In both cases Movant was charged with felony stealing. Movant pled guilty to both offenses. The State recommended seven- and four-year sentences in those cases, "concurrent with any and all sentences that [Movant] is currently serving in the Department of Corrections[.]" Movant confirmed he understood the State's recommendation. The court accepted Movant's pleas and sentenced him in accordance with the recommendation.

The court then proceeded with the probation revocation in the underlying case. Movant admitted violating a condition of probation. The court revoked Movant's probation and executed the previously-imposed seven-year sentence. The court exercised "its discretion pursuant to

2

Section 559.036[][2] and grant[ed] [Movant] credit against the sentence imposed." The court granted "60 days of the time spent on probation from July 30, 2010, to September 30, 2010." The court inquired into the effectiveness of Movant's counsel and Movant expressed satisfaction with counsel's representation. Movant was delivered to the Department of Corrections on October 28, 2012.

Movant subsequently filed a *pro se* motion for post-conviction relief under Rule 24.035 on April 15, 2013. The transcript from Movant's guilty plea and sentencing hearing was filed on May 2, 2013. The transcript from the probation revocation hearing was filed on May 6, 2013. Post-conviction counsel was appointed on May 7, 2013 and requested additional 30 days to file an amended motion. The motion court granted the request. On August 27, 2013, the amended motion was untimely filed. Following an evidentiary hearing, the motion court denied all relief. This appeal follows.

### III. Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite impression that a mistake has been made. *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008). A movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009).

To show ineffective assistance of counsel, a movant must demonstrate: (1) that counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably

---

[2] Section 559.036 provides guidelines regarding duration and revocation of probation.

3

competent attorney under similar circumstances; and (2) that counsel's deficient performance prejudiced the defense by showing a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Worthington v. State*, 166 S.W.3d 566, 572–73 (Mo. banc 2005) (*citing Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). When a movant enters a guilty plea, ineffective assistance of counsel remains relevant only to the extent it affected the voluntariness of the movant's plea. *Conger v. State*, 398 S.W.3d 915, 919 (Mo. App. E.D. 2013). To satisfy the "prejudice" requirement after entering a guilty plea, a movant must show that, but for counsel's errors, he would not have pled guilty, but would have insisted on going to trial. *Worthington*, 166 S.W.3d at 573.

## IV. Discussion

Pursuant to *Moore v. State*, we are compelled to first examine the timeliness of amended motions in each post-conviction case on appeal. 458 S.W.3d 822 (Mo. banc 2015). "If it is determined that an amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment, then the case should be remanded to the motion court for such inquiry." *Childers v. State*, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015) (*citing Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015)). "It is our duty to enforce the mandatory timelines in the post-conviction rules, but the motion court is the appropriate forum to conduct such an inquiry into abandonment." *Id.* (internal quotation and citation omitted). "The result of the inquiry into abandonment determines which motion—the initial motion or the amended motion—the court should adjudicate." *Moore*, 458 S.W.3d at 826.

Rule 24.035(g) provides in relevant part:

If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a

4

complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. . . . The court may extend the time for filing the amended motion for _one additional period not to exceed thirty days_.

(emphasis added).

Here, Movant timely filed a *pro se* Rule 24.035 motion on April 15, 2013.[3] The transcript of the guilty plea and sentencing in the underlying case was filed on May 2, 2013. The transcript of the probation revocation hearing was filed on May 6, 2013. The motion court appointed counsel for Movant on May 7, 2013. Counsel subsequently requested additional 30 days to file the amended motion, which was granted by the motion court. Accordingly, pursuant to Rule 24.035(g), Movant's amended motion was due August 7, 2013. Movant filed the amended motion on August 27, 2013.

"A motion court has no authority to extend this time limit for filing an amended motion." *Stanley v. State*, 420 S.W.3d 532, 541 (Mo. banc 2014). The time limitations imposed by Rule 24.035 are mandatory, *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), and they are to be strictly enforced, *Hall v. State*, 992 S.W.2d 895, 897 (Mo. App. W.D. 1999). Therefore, by operation of Rule 24.035, Movant's amended motion was untimely and the motion court was required to inquire into abandonment by post-conviction counsel. *See Vogl v. State*, 437 S.W.3d 218, 228–29 (Mo. banc 2014).

However, the record before us does not indicate that the motion court conducted such inquiry. In addition, the motion court's judgment contained no explicit reference to the timeliness of the amended motion or abandonment by counsel. Furthermore, the record does not

---

[3] In his *pro se* motion, Movant challenged his forgery conviction and sentence in Case No. 08SL-CR01376. He did not challenge any other convictions and sentences including his stealing convictions and sentences in Case Nos. 11SL-CR04174 or 11SL-CR02864.

show that Movant's counsel filed a *Sanders* motion[4] or that the court considered the amended motion as timely upon the filing of a *Sanders* motion.[5]

In the amended motion, Movant asserts the amended motion was filed timely because "[a] complete transcript of the guilty plea and sentencing proceedings was filed on June 3, 2013," making the amended motion due September 3, 2013.

We note two docket entries were made under the title of "Transcript Filed[.]" One docket entry is dated as May 2, 2013, and the other is dated as June 3, 2013. However, the certified copy of the original transcript of the guilty plea and sentencing proceedings that is made part of the record on appeal has a file stamp date of May 2, 2013. Also, the certified copy of the original transcript of the probation revocation hearing has a file stamp date of May 6, 2013. We cannot ascertain from the record, and Movant does not explain, why the date of June 3, 2013, rather than May 2, 2013 or May 6, 2013 should be used in calculating the due date of his amended motion.

Pursuant to the Supreme Court's direction in *Moore*, we are compelled to reverse the motion court's judgment and remand the matter for the motion court to conduct an independent inquiry into whether post-conviction counsel abandoned Movant.

### V. Conclusion

The motion court's judgment is reversed and the case is remanded to the motion court for an independent inquiry into whether Movant was abandoned by post-conviction counsel and for further proceedings consistent with the outcome of the motion court's inquiry.

---

[4] *Sanders v. State* directs a motion court to permit appointed counsel's untimely filing of an amended motion if the motion court determines that the movant was abandoned by counsel. 807 S.W.2d 493, 495 (Mo. banc 1991).
[5] Had the record on appeal supported that the motion court conducted an abandonment inquiry, we would likely affirm the motion court's judgment denying Movant post-conviction relief.

6

_____

Angela T. Quigless, Judge

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., Concurs.